**Marcos A. RAMIREZ et al., Plaintiffs,**

v.

**Rafael HERNANDEZ COLON, etc., et al.,
Defendants.**

**Civ. No. 75–173.**

United States District Court,
D. Puerto Rico.

Sept. 8, 1975.

José Quiñones Elïas, Raúl Tirado Rodrïguez, Roberto Busó Aboy, Santurce, P. R., for plaintiffs.

Hernando A. Rivera Dïaz, for defendants.

## OPINION AND ORDER

PESQUERA, District Judge.

Plaintiffs' action is directed against various officials of the Commonwealth of Puerto Rico for alleged deprivation of their property without due process of law by variously classifying their lands for public purposes. They ask for money damages and injunctive relief in the form of an order to defendants to expropriate the lands in question. (42 U.S.C. §§ 1983, 1985).

After denial of their motion to dismiss, and four months after the initiation of this action, defendants have requested this Court to abstain from further entertaining the same or in the alternative, to stay proceedings on the ground that the Commonwealth of Puerto Rico has initiated an action to expropriate plaintiffs' lands as prayed for in their complaint. Plaintiffs countered with a request to enjoin the defendants from continuing with said expropriation proceedings.

After a hearing to consider the contrary requests of the parties, the Court ruled in open court in favor of temporarily staying proceedings in this Court and now substantiates said holding.

■ This Court has found that it has jurisdiction to determine plaintiffs' claim and now further finds that the fact that the Commonwealth of Puerto Rico has initiated condemnation proceedings is not reason why it should not retain jurisdiction to decide whether full relief should be granted or denied. The fact that one of the remedies prayed for has allegedly become moot by the action initiated by the Commonwealth of Puerto Rico is not dispositive of all the issues raised in this case. As expressed by Justice Brennan in *Zwickler v. Koota,* 389 U.S. 241, 247, 88 S.Ct. 391, 19 L.Ed.2d 444, the federal courts have ceased to be restricted tribunals of fair dealing between citizens of different states and have become the primary and powerful reliances for vindicating every right given by the Constitution, the laws, and treaties of the United States. "In thus expanding federal judicial power, Congress imposed the duty upon all levels of the federal judiciary to give due respect to a suitor's choice of a federal forum for the hearing and decision of his federal constitutional claims". (*Zwickler v. Koota,* supra, at 248, 88 S.Ct. at 395). Federal courts cannot decline jurisdiction simply because some of the rights asserted may be adjudicated in the state forum.

The doctrine of abstention is applicable only in "narrowly limited special circumstances" explained thus by Mr. Justice Harlan in his concurrent opinion in *Zwickler v. Koota,* supra.

"This Court has repeatedly indicated that 'abstention' is appropriate where the order to the parties to repair to the state court would clearly serve one of two important countervailing interests: either the avoidance of a premature and perhaps unnecessary decision of a serious federal constitutional question, or the avoidance 'of the hazard of unsettling some delicate balance in the area of federal-state relationships.' "

The first of these interests is not present in the instant case. The second reason for abstention seems to be present in this case, but only to the extent that exercise of our jurisdiction may disrupt the condemnation proceedings initiated by the Commonwealth of Puerto Rico (See *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424).

■ The doctrine of comity between courts teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers have had the opportunity to pass upon the matter. *Darr v. Burford,* 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761.

■ We cannot lose track of the facts that the state proceedings have been initiated by the Commonwealth of Puerto Rico, not a party to this action, and that

1246

the state's condemnation statute gives exclusive jurisdiction to the state's specialized court to determine the taking of the land in question and the value of the land taken. Plaintiffs in this action may raise before the state court all questions respecting such taking and valuation. Upon termination of the state condemnation proceedings, we will then consider the instant case to resolve if plaintiffs are entitled to any other remedies taking into consideration, in the determination of the actual damages, if any, whatever compensation they may have received as a result of said condemnation proceedings.

However, this action by this Court is without prejudice to the right of the plaintiffs to revive proceedings in this Court by simple emotions should the Commonwealth's courts fail to dispose of the condemnation action within a reasonable time.